UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEGGY YOUNKMAN,

    Plaintiff,

v.   Case No: 2:15-cv-361-FtM-99DNF

DILLARD'S, INC.,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant's Response to Court's Order to Show Cause (Doc. #8) filed on July 1, 2015, in response to the Court's June 24, 2015, Order (Doc. #7) to show cause why the case should not be remanded for lack of subject-matter jurisdiction. For the reasons stated below, the Court finds that Defendant has failed to carry its burden, and the case will be remanded.

**I.**

Plaintiff Peggy Younkman originally filed her slip and fall case in Charlotte County Circuit Court, alleging that she slipped and fell in Defendant Dillard's store due to Defendant's negligence. (Doc. #2, ¶ 8.) Defendant filed a Notice of Removal (Doc. #1) based on the presence of a diversity of citizenship, and damages in excess of $75,000. The Court accepted Defendant's allegations in support of a diversity of citizenship. (Doc. #7,

p. 2.)  In support of the amount in controversy, Defendant filed Plaintiff's original response to Defendant's Request for Admission indicating past medical expenses totaling $9,087.50, well below the $75,000 threshold amount (Doc. #1-6, Exh. B); and Plaintiff's amended response to its Request for Admission (Docs. ## 1-1, 1-2), where Plaintiff denied that she was seeking less than $75,000 from Defendant.  The Court found this evidence, even coupled with the allegations in the Complaint, was insufficient to support the requisite amount in controversy, and the Court declined to rely upon a tactical refusal to admit that the amount was less than $75,000.  (Id., p. 3.)  Defendant was given the opportunity to further supplement its support for the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.  (Id.)  Defendant responded, premising its amount in controversy on three factors: (1) the nature of the damages Plaintiff Peggy Younkman claims; (2) Plaintiff's failure to challenge removal; and (3) Plaintiff's denial that she is seeking less than $75,000.  The Court finds the facts remain insufficient.

## II.

**A.   Nature of the Damages**

The Court's Order to Show Cause (Doc. #7, pp. 2-3) previously determined that the types of allegations in the Plaintiff's Complaint (Doc. #2) are boilerplate, and without any factual support to the extent of the actual damages or injuries.  In the

Defendant's Response to Court's Order to Show Cause (Doc. #8), Defendant continues to rely upon these allegations, as well as Plaintiff's answers to interrogatories, and her testimony during deposition to substantiate the amount in controversy. Specifically, Defendant relies on Interrogatory #11, where Plaintiff indicates that she was not cleared to return to work at a new location (Southwest Florida Homecare) until June 18, 2014, and she is unable to return to full-time since the incident[1], but counsel was "in the process of evaluating the full extent of [her] wage loss/loss of earning capacity claim."  (Doc. #8-1, ¶ 11.) Defendant does not provide any facts with regard to Plaintiff's income, or even an approximation of the potential lost income from which the Court could deduce a figure.  Defendant also relies on Interrogatory #13, where Plaintiff states "[a]s a result of the accident, I suffered a right shoulder/arm fracture as well as injuries to my neck, back, chest, fingers on my right hand, and right knee".  (Doc. #8-1, ¶ 13.)  Again, the description is no more informative than the allegations in the Complaint with regard to the severity of the injuries to the neck, back, chest, fingers, and knee, which may or may not interfere with Plaintiff's quality of life or work on a permanent basis.[2]  Defendant also relies upon

---

[1] Plaintiff's deposition indicates that she asked for "as needed" employment and no full-time position has been made available. (Doc. #8-2, pp. 11-12.)

[2] Plaintiff's deposition indicates a diagnosis of a spiral

Plaintiff's testimony in her deposition (Doc. # 8-2) that she incurred $14,420.16 in medical bills and will require further surgery on her fingers. (Doc. #8, ¶ 8; Doc. #8-1, ¶ 10.) A closer reading of the deposition shows that the surgery requires an incision because the bones are rubbing, but there is no indication as to the seriousness of the surgery. Plaintiff stated that "No, it is not scheduled but I would like to have it done." (Doc. #8-2, p. 36.)

In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act (JVCA). Under JVCA, where removal is based on diversity jurisdiction, the district court must find "by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758, 760 (Dec. 7, 2011); 28 U.S.C. § 1446(c)(2)(B). A Notice or Removal must *plausibly* allege the jurisdictional amount, not prove the amount. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

Even accounting for Defendant's reliance on Plaintiff's answers to interrogatories and her testimony during deposition, the additional support is insufficient to establish by

---

fracture of the humerus, but no other fractures. (Doc. #8-2, pp. 34-35.)

preponderance of evidence that the amount in controversy plausibly exceeds $75,000.

**B.   Failure to Challenge Removal**

Defendant notes that Plaintiff did not contest removal by asserting that the amount in controversy requirement has not been met.  (Doc. #8, ¶ 10.)  As the party seeking federal jurisdiction, the burden is upon *Defendant* to establish diversity jurisdiction as the date of removal.  Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  Therefore, Defendant has the burden to establish diversity jurisdiction, and Plaintiff's failure to challenge removal is irrelevant to the amount in controversy.

**C.   Plaintiff's Denial**

Defendant also notes that Plaintiff denies she is seeking less than $75,000 in damages from Defendant in her Response to Defendant's Request for Admission (Doc #1-2).  (Doc. #8, ¶ 5.)  As the Court previously stated, a Notice of Removal must plausibly allege the jurisdictional amount, Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. at 554, and the mere refusal to admit that the amount is less than $75,000 is insufficient unless coupled with relevant "other paper", 28 U.S.C. § 1446(c)(3)(A).  (Doc. #7, p. 3.)  This case is clearly distinguishable from Enterline v. Sears, Roebuck & Co., 2:08-cv-221-FTM-29DNF, 2008 WL 1766911 (M.D.

Fla. Apr. 15, 2008), wherein plaintiff made a pre-suit settlement demand for $725,000, and then refused to timely respond to a request for admissions for the purpose of avoiding removal to federal court.  No such demand has been made here.

In sum, the Court concludes that Defendant has failed to plausibly establish that a preponderance of the evidence exists to establish that the amount in controversy at the time of removal exceeded $75,000.

Accordingly, it is hereby

**ORDERED:**

1. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Charlotte County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

2. The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of July, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record